IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-F-03-5363 OWW |
| | ) | |
| | ) | ORDER DENYING WITHOUT |
| | ) | PREJUDICE PETITIONER'S |
| Plaintiff/ | ) | MOTION TO ORDER THE CLERK OF |
| Respondent, | ) | THE COURT TO PROVIDE |
| | ) | DOCUMENTS |
| vs. | ) | |
| | ) | |
| JESUS ANDRADE, | ) | |
| | ) | |
| Defendant/ | ) | |
| Petitioner. | ) | |
| | ) | |

On May 14, 2009, Petitioner Jesus Andrade, proceeding *in pro per*, filed a "Motion Requesting the Court to Order the Clerk to Provide Movant with Requested Documents in Order to File a Successive Habeas Petition and Meet the Threshold Requirements Mandated by AEDPA." By this motion, Petitioner seeks production at Government expense of:

    1. Complaint and Affidavit with Assessment and Proof of Claim;

    2. Indictment and any superseding indictment(s) with Affidavit;

1

        3.    Arrest Warrant with Affidavit;
        4.    Search Warrant with Affidavit;
        5.    Seizure Warrant with Affidavit;
        6.    Transcripts of Grand Jury Proceedings;
        7.    Grand Jury Concurrancy Form;
        8.    Trial Transcripts;
        9.    Sentencing Transcripts;
        10.   Judgment and Commitment;
        11.   Direct Appeal and Decision Order;
        12.   28 U.S.C. § 2255 proceedings;
        13.   Statement of Jurisdiction of this Court.

Petitioner's motion is accompanied by his application to proceed *in forma pauperis*.

Petitioner pleaded guilty pursuant to a written Plea Agreement to conspiracy to possess pseudoephedrine knowing that the pseudoephedrine would be used to manufacture a controlled substance in violation of 21 U.S.C. §§ 841(c)(2) and 846. Petitioner was sentenced on December 6, 2004 to imprisonment for 135 months and a 36 month term of supervised release. Petitioner did not file an appeal from his conviction or sentence. The Court's docket reveals that no motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 has ever been filed by Petitioner in this Court.[1]

---

[1] Because Petitioner has not previously filed a Section 2255 motion, his contentions that he needs the specified records in order to file a motion for relief under Rule 60(b)(6), Federal Rules of Civil Procedure, or that he needs the records in order to

Petitioner asserts that he "intends to move the court pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines § 1B1.10(c), and § 4A1.1 and 2, Seeking a Modification or Reduction of Sentence based upon the Retroactive Guideline Amendment, concerning certain criminal History Rules that have the Effect of Lowering Guideline Range and Term of Imprisonment and <u>United States v. Armstead</u>, 552 F.3d 769 (9th Cir.2009)."

Section 3882(c)(2) provides:

> The court may not modify a term of imprisonment once it has been imposed except that -
>
> ...
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant ..., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

U.S.S.G. § 1B1.10(c) sets forth those amendments to the Sentencing Guidelines which are to be applied retroactively to reduce a sentence previously imposed.

Although Petitioner does not specify the amendment upon which he intends to rely, the only amendment to U.S.S.G. § 4A1.1, pertaining to criminal history category, and U.S.S.G.

---

request permission from the Ninth Circuit to file a second or successive Section 2255 motion are irrelevant.

§4A1.2, pertaining to definitions and instructions for computing criminal history, subsequent to Petitioner's sentencing was in 2007 by Amendment 709. Amendment 709 is not listed as a covered amendment in U.S.S.G. § 1B1.10(c). The Ninth Circuit has held that Amendment 709 is not applied retroactively. *United States v. Marler*, 527 F.3d 874, 877 n.1 (9th Cir.), *cert. denied*, ___ U.S. ___, 129 S.Ct. 427 (2008).

Petitioner further contends that he intends "to move the Court pursuant to <u>Carrington v. United States</u>, 503 F.3d 888, 890 n.2 (9th Cir.2007) to attack the judgment that may have been correct when rendered, but that later became incorrect because circumstances that arose after the judgment was issued. 28 U.S.C. § 1651."

Petitioner's citations to *Carrington* and the All Writs Act indicate that he intends to file a petition for a writ of *audita querela*. A writ of *audita querela* is not an available remedy where the claims raised would be cognizable in a Section 2255 motion. *Carrington*, *supra*, citing *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir.2001). Common law writs such as *audita querela* and *coram nobis* survive "'only to the extent that they fill "gaps" in the current system of postconviction relief.'" *Id.*

These asserted grounds for relief in an anticipated post-conviction motion make clear that Petitioner is not entitled to production at government expense of Items 1, 2, 3, 4, 5, 6, 7, 8, 11 and 12. Petitioner's anticipated claims appear to pertain

only to his sentencing. Item 13, seeking a "Statement of Jurisdiction of the Court" is meaningless.

28 U.S.C. § 753(f) provides:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

However, Petitioner is not entitled to copies of transcripts or other court records at Government expense until he actually brings a post-conviction motion. *See United States v. Lucatero*, 2007 WL 1747077 (E.D.Cal.2007); *United States v. Soto-Valdez*, 2009 WL 1311954 (D.Ariz.2009).

For the reasons stated:

1. Petitioner Jesus Andrade's "Motion Requesting the Court to Order the Clerk to Provide Movant with Requested Documents in Order to File a Successive Habeas Petition and Meet the Threshold Requirements Mandated by AEDPA" is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:   May 19, 2009                    /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE